IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAN GARDNER, Commissioner of the OREGON BUREAU OF LABOR AND INDUSTRIES; and COOS COUNTY, ex rel DAN GARDNER, Commissioner of the OREGON BUREAU OF LABOR AND INDUSTRIES,<br><br>      Plaintiffs,<br><br>  v.<br><br>MASTEC NORTH AMERICA, INC., a Florida corporation; ARCH INSURANCE CO., a Missouri insurance company; and AMERICAN MANUFACTURERS MUTUAL INSURANCE CO., an Illinois insurance company,<br><br>      Defendants. | Civ. No. 05-6217-AA<br><br>OPINION AND ORDER |

Daniel H. Rosenbaum
Jennifer K. Chapman
Assistant Attorneys General
Oregon Department of Justice
1515 SW Fifth Ave., Suite 410
Portland, OR 97201
    Attorneys for plaintiffs

1   - OPINION AND ORDER

David J. Sweeney
Paul G. Dodds
Brownstein, Rask, Sweeney, Kerr,
Grim, DeSylvia & Hay LLP
1200 S.W. Main Street
Portland, OR 97205-2040
    Attorneys for defendant MasTec North America Inc.

Loren D. Podwill
Randy L. Arthur
Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2089
    Attorneys for defendants Arch Insurance
    and American Manufacturer's Mutual Insurance Co.

AIKEN, Judge:

On June 15, 2005, plaintiffs filed this action in the Coos County Circuit Court alleging failure of defendant MasTec North America, Inc., to pay its employees the prevailing wage rates required by Oregon law. Plaintiffs named Arch Insurance Co. and American Manufacturers Mutual Insurance Co. as additional defendants. Defendants then removed the action to the United States District Court for the District of Oregon on grounds of diversity jurisdiction pursuant to 28 U.S.C. §1441. Plaintiffs now move this court for an order remanding this proceeding to state court pursuant to 28 U.S.C. §1447(c), alleging that the parties are not diverse. For the reasons set forth below, this motion is granted.

## I. BACKGROUND

The Commissioner of the Bureau of Labor and Industries (Commissioner), on his own behalf and on behalf Coos County, filed

2    - OPINION AND ORDER

this action in Coos County Circuit Court, alleging that defendant MasTec North America (MasTec) failed to pay its employees the prevailing wage required under Oregon law. Memorandum in Support of Plaintiffs' Motion to Dismiss and Remand p.1-2. The Commissioner also named Arch Insurance Co. (Arch) and American Manufacturer's Mutual Insurance Co. (American) as defendants. Id. at 2. Arch and American provided a bond on behalf of MasTec, as required by Oregon law. Id. The bond is required as security in the event that MasTec fails to meet its obligations under its public works contract with Coos County. Id. MasTec is a Florida corporation, Arch is domiciled in Missouri, and American is domiciled in Illinois. Id.

Defendants removed the action to federal court, claiming that this court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, because all parties are diverse and the amount in controversy exceeds $75,000. Plaintiffs move to remand, alleging that this court does not have jurisdiction to hear the case because the Bureau of Labor and Industries is an arm of the state of Oregon, and diversity cannot exist when a state is a party to an action.

## II. DISCUSSION

Plaintiffs contend that the Bureau of Labor and Industries (hereinafter BOLI) is an arm of the state of Oregon and therefore not subject to suit in diversity. Defendants maintain that BOLI is

a political subdivision of the state of Oregon, and is therefore an Oregon citizen, so diversity is preserved. "[A] defendant who removes an action from state court to federal district court bears the burden . . . of establishing that removal was proper." United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 763 (9th cir. 2002).

Diversity jurisdiction exists when an action arises between citizens of different states and the amount in controversy exceeds the jurisdictional amount. 28 U.S.C. §1332(a). It is well settled that a state is not a "citizen" for purposes of diversity jurisdiction. See Moor v. County of Alameda, 411 U.S. 693, 717 (1973). In 1894, the United States Supreme Court declared;

> A state is not a citizen. And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the [courts] of the United States [have] no jurisdiction . . . ."

Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487 (1894). However, "a political subdivision of a State, unless it is simply the 'arm or alter-ego of the State,' is a citizen of the state for diversity purposes." Moor, 411 U.S. at 717. Here, plaintiffs argue that BOLI is an arm of the state, bringing suit on behalf of the state. Defendants respond that the state is not the real party in interest because BOLI is in fact bringing suit on behalf of Coos County, a political subdivision of the state.

The real party in interest, "rather than the names of

4   - OPINION AND ORDER

particular parties" is the deciding factor in determining whether diversity exists between the parties. DeLong Corp. v. Oregon State Highway Comm'n, 233 F. Supp. 7, 10 (D. Or. 1964), aff'd 343 F.2d 911 (9th Cir. 1965). If the state is the real party in interest in an action, diversity does not exist and the case must be remanded to state court. See Missouri, Kansas & Texas Railway Co. v. Hickman, 183 U.S. 53, 59 (1901); Oregon v. Mushroom King, Inc., 77 B.R. 813, 816 (D. Or. 1987); 28 U.S.C. §1447©). The state is the real party in interest when it bears the burden of satisfying the relief sought or when the judgment or decree, when in favor of the plaintiff is effectively in favor of the state. See Hickman, 183 U.S. at 59; Mushroom King, 77 B.R. at 816.

When a state agency is a party in a diversity action, the question then becomes whether the agency is "an arm of the state, performing an essential government function" or whether it is "an entity separate and apart from the state." Mushroom King, 77 B.R. at 816.

Although the Ninth Circuit has not established a test to determine when a state is a real party in interest for purposes of diversity jurisdiction, the bankruptcy court for this district held in Mushroom King that in order to determine whether an agency is an arm of the state, the court must consider;

> (1) whether state law requires that the action be brought in the name of the state; (2) whether the action will affect the state treasury; (3) whether the state agency is performing a governmental or proprietary function; (4)

5   - OPINION AND ORDER

whether the agency is separately incorporated; (5) the degree of autonomy of the agency; (6) whether the agency has the power to sue and be sued; (7) whether the agency is immune from state taxation; and (8) whether the state has immunized itself from responsibility for the agency's acts.

77 B.R. 813 (D. Or 1987). I find the analysis and test articulated in Mushroom King persuasive and accept it for the purposes of this motion.

First, unlike in Mushroom King, the relevant statute here, Or. Rev. Stat. § 279.355(4), provides that the Commissioner may "initiate legal proceedings against employers . . . to require the payment of prevailing wages . . . due employees," but does not include a requirement that the action be brought in the name of the state. Mushroom King, 77 B.R. at 818. Further, Or. Rev. Stat. § 279.536(2), the statute authorizing the claim against MasTec's bonding companies, Arch and American, provides that the Commissioner must bring suit in the name of the public body that entered into the public works contract, not in the name of the state. Or. Rev. Stat. § 279.536(2) ("The action shall be on the relation of the Commissioner . . . and shall be in the name of the public body that let the contract."). However, even though neither applicable statute in this case provides that the Commissioner must bring suit in the name of the state, the underlying purpose of the suit in this case is the same as the underlying purpose of the suit in Mushroom King - to protect and enforce the labor and employment laws of the state Oregon. See Or. Rev. Stat. § 651.050. Thus,

6   - OPINION AND ORDER

although not required to do so, BOLI is acting as an arm of the state.

Second, funds collected by BOLI pursuant to prevailing wage actions are deposited in the Bureau of Labor and Industries account, within the state treasury. Or. Rev. Stat. § 651.160(1) ("There hereby is established in the General Fund in the State Treasury an account to be known as the Bureau of Labor and Industries Account . . . all fees . . . and moneys received or collected by the Bureau of Labor and Industries . . . and paid into the State Treasury pursuant to law shall be credited to the Bureau of Labor and Industries Account . . . ."). See also Or. Rev. Stat. § 279.355(4) ("The Commissioner . . . may . . . initiate legal proceedings against employers . . . to require the payment of prevailing wages . . . due employees. The commissioner is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorneys fees."). If the Commissioner does not prevail in the action, all costs and disbursements must be paid out of the BOLI account in the State Treasury. Id. Thus, whether or not plaintiffs prevail, this action will affect the State Treasury.

Third, the Commissioner here seeks to perform the state function of enforcing the labor and employment laws of the state of Oregon. Accordingly, BOLI has been granted the powers and duties to enforce the prevailing wage laws, one of the "wrinkle[s] in the

historic tapestry of labor [and employment] laws" for which BOLI has responsibility. See Mushroom King, 77 B.R. at 818; Or. Rev. Stat. § 651.050 ("The Commissioner of the Bureau of Labor and Industries shall cause to be enforced: (1) All laws regulating the employment of adults and minors . . . (3) All laws enacted for the protection of employees . . . .").

Fourth, BOLI is a department of state government and is not separately incorporated. Mushroom King, 77 B.R. at 818. See also Or. Rev. Stat. § 651.020 ("The Bureau of Labor and Industries is hereby established as a separate department of this state.").

Fifth, it is true that BOLI has a certain degree of autonomy. See e.g. Or. Rev. Stat. §279.355(4) ("The Commissioner . . . may . . . initiate legal proceedings against employers . . . ."). However, as noted by the court in Mushroom King, the activities of BOLI and the Commissioner may create binding obligations on the state. 77 B.R. at 818. Additionally, BOLI "does not contract, or issue bonds, or acquire property independently of the state." Id.

Sixth, BOLI has the power to sue and be sued. However, when the Commissioner brings an action against an employer, it is to enforce the labor and employment laws of the state of Oregon; i.e., it is acting on behalf of the state. See Or. Rev. Stat. § 651.050; 279.355(4).

Seventh, defendants do not dispute plaintiffs' contention that BOLI is not subject to tax by the state. Absent evidence to the

8 - OPINION AND ORDER

contrary, the court assumes that BOLI is immune from state taxation.

Finally, as noted above, the actions of BOLI and the Commissioner may create an obligation on the part of the state. See Mushroom King, 77 B.R. at 818 ("There is no indication in the statutory scheme that the activities of the Commission [sic] do not create an obligation on the part of the state."). Therefore, the state could not claim immunity from BOLI's actions.

On balance, I find that the relevant factors overwhelmingly reflect that BOLI is acting as an arm of the state of Oregon in bringing this claim for unpaid prevailing wages. Defendants have failed to meet their burden by showing that removal was proper and that this court has diversity jurisdiction over the parties.

## CONCLUSION

Plaintiffs' motion to dismiss for lack of diversity jurisdiction (doc. 14) is GRANTED, and all pending motions are denied as moot. Further, plaintiffs' request for oral argument is denied as unnecessary. This action is HEREBY REMANDED to the Coos County Circuit Court for the State of Oregon.

IT IS SO ORDERED.

Dated this __27__ day of November 2005.



         /s/ Ann Aiken
Ann Aiken
United States District Judge

9   - OPINION AND ORDER